**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **TRENT MOORE,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )   **Case No. 08-CV-0145-CVE-TLW** |
| | ) |
| **WALTER DINWIDDIE, Warden;** | ) |
| **ATTORNEY GENERAL OF THE STATE** | ) |
| **OF OKLAHOMA,** | ) |
| | ) |
| **Respondents.** | ) |

<u>**OPINION AND ORDER**</u>

This is a habeas corpus action filed by *pro se* Petitioner Trent Moore. For the reasons discussed below, the Court finds that Petitioner's request for habeas corpus relief has been rendered moot by his release from imprisonment. As a result, the petition shall be declared moot.

***BACKGROUND***

Petitioner filed this action on January 14, 2008 (Dkt. # 1). At that time, he was incarcerated, serving sentences entered in Tulsa County District Court pursuant to convictions of Burglary and Possession of Stolen Vehicle. <u>See</u> Dkt. # 16, Ex. 1. Petitioner does not challenge the validity of his convictions. Instead, he alleges he was denied due process during disciplinary proceedings resulting in the revocation of 365 days earned credits. <u>See</u> Dkt. # 16, Ex. 2 at page 18 of 21. The Court has previously found, <u>see</u> Dkt. # 14, that because Petitioner challenges the execution of his sentence rather than the validity of his conviction, this matter shall be adjudicated pursuant to 28 U.S.C. § 2241. <u>Montez v. McKinna</u>, 208 F.3d 862 (10th Cir. 2000).

In his petition (Dkt. # 1), Petitioner claims that at the re-hearing held following review on disciplinary appeal, no evidence was presented to support a finding of guilt on the misconduct charge of Escape. In response to the petition, Respondent asserts that Petitioner was afforded due

process during his disciplinary proceedings and that he is not entitled to habeas corpus relief.  See Dkt. # 16.  Petitioner filed a reply (Dkt. # 17).  On January 6, 2010, Respondent filed a notice to the Court (Dkt. # 19) indicating that on March 10, 2009, Petitioner discharged his sentence and was released from custody.[1]  See Dkt. # 19, Ex. 1.  As a result, Respondent asserts that Petitioner's request for habeas corpus relief has been rendered moot and requests that this action be dismissed.  See Dkt. # 19.

### ANALYSIS

"Article III of the United States Constitution only extends federal judicial power to cases or controversies."  United States v. Meyers, 200 F.3d 715, 718 (10th Cir. 2000).  "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution."  Aragon v. Shanks, 144 F.3d 690, 691 (10th Cir. 1998).  To satisfy the case or controversy requirement, the petitioner "must have suffered or be threatened with an actual injury traceable to the respondents and likely to be redressed by a favorable judicial decision."  Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)).  A § 2241 habeas proceeding is generally "'an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'"  McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997) (quoting Preiser v. Rodriquez, 411 U.S. 475, 484 (1973)).

The relevant inquiry in this case is whether Petitioner is subject to collateral consequences adequate to meet the injury-in-fact requirement of Article III.  Spencer, 523 U.S. at 7; see also Gille

---

[1]     The Court notes that Respondent sent a copy of the notice to Petitioner at the forwarding address provided on the Department of Corrections Certificate of Release.  See Dkt. # 19, Ex. 1.

2

v. Booher, No. 00-6106, 2000 WL 1174612 (10th Cir. Aug. 18, 2000) (unpublished). Petitioner must "continue to have a personal stake in the outcome" of his case in order to satisfy the case or controversy requirement of Article III. Spencer, 523 U.S. at 7.  In his petition, Petitioner makes no challenge to the fact of his incarceration. His habeas corpus challenge is limited to seeking reinstatement of sentence credits earned during his term of incarceration. Because Petitioner has been released from incarceration, "his incarceration 'cannot be undone.'" Gille, 2000 WL 1174612, at *1 (quoting Spencer, 523 U.S. at 7-8).  Therefore, this case is moot unless a favorable decision from the Court would serve to redress an actual injury sustained by Petitioner.

Under the facts of this case, Petitioner cannot demonstrate a concrete and continuing injury now that he has been released from imprisonment.  As a result, there is nothing for this Court to remedy.  Spencer, 523 U.S. at 7.  The Court concludes that Petitioner's request for habeas corpus relief has been rendered moot by his release from incarceration. The 28 U.S.C. § 2241 petition for writ of habeas corpus shall be dismissed as moot.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.      The 28 U.S.C. § 2241 petition for writ of habeas corpus (Dkt. # 1) is **dismissed as moot**.

2.      The Clerk of Court shall change Petitioner's address to Trent Moore, 4847 S. Braden Ave., Tulsa, OK  74135.

3.      This is a final order terminating this action.

**DATED** this 2nd day of February, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT